## JUDGMENT AGAINST A MINOR NOT REPRESENTED BY A GUARDIAN AD LITEM.

Circuit Court of Cuyahoga County.

JOHN SCREEN, BY MARY SCREEN, HIS NEXT FRIEND, v. GEORGF LINN, AS MAYOR OF THE VILLAGE OF LINNDALE, AND IDA K. TAGGART.

Decided, 1912.

*Infants—Mayor Can Not Render Judgment Against Infant Defendant Without Guardian Ad Litem.*

A mayor, who has obtained jurisdiction of an infant defendant more than fourteen years of age by means of personal service, has no authority to render judgment against the infant without first appointing a guardian *ad litem* to defend the suit.

*I. Grossman,* for plaintiff in error.
*H. C. Gahn* and *George Linn,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

Ida K. Taggart brought suit against John Screen before the defendant, George Linn, as mayor of the village of Linndale. Summons was issued and served upon said John Screen within said village, and upon a proper affidavit garnishee process was issued and served upon the proper representative of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, within the village of Linndale, said railway company being then indebted to said John Screen.

Said Screen did not appear before said mayor in answer to said summons, and the mayor, as upon default, entered judgment in said action in favor of said Ida K. Taggart, for something like $25 damages and for costs.

The railway company, pursuant to an order made by said mayor in said garnishee proceedings, paid over to said mayor about $32 of money owing by it to said John Screen, which said mayor holds in payment of said damages and costs.

The plaintiff in this action seeks to have said judgment set

aside and the money so paid into the hands of said mayor released and paid over to him.

Several grounds are stated in the petition upon which the plaintiff bases his right to the relief sought; among these is the fact that he was a minor at the time the action was commenced and at the time the judgment was taken and that the proceedings against him were irregular, in that judgment was taken as upon default, though he had no guardian and no guardian *ad litem* was appointed for him.

We find as a fact that the plaintiff in this action, at the time said judgment was found against him, was a minor above the age of fourteen years and that no guardian *ad litem* was appointed for him. As already said, service of sumons was made personally upon said John Screen. This was proper and sufficient service upon him, coming directly within the provisions of General Code, 10245, where it is aid:

"If the minor is more than fourteen years of age, service on him alone is sufficient."

On the part of the defendant in error it is urged that the service here, having been served upon the defendant in all respects as required by the statute, the court thereby acquired jurisdiction of the defendant, and that having such jurisdiction, the judgment against him was and is valid, and in support of this contention he calls attention to the case of *Walter* v. *Dr. Appl,* 8 Ohio Dec., 705. This is a decision of a justice of the peace in Hamilton county, and so is, of course, no authority whatever for us. However, an examination of the case shows that the point necessary to be determined here was not passed upon by the justice.

In that case it was held, as we hold here, that the service of summons upon the defendant, a minor above the age of fourteen years, gave the court jurisdiction over him, so that the judgment in the case was not void, and therefore could not be collaterally attacked. The case before us is a direct attack on the judgment sought to be set aside, and a ground of such direct attack is that even though the court had *jurisdiction* it had no *authority* to

render judgment against the defendant without first appointing a guardian *ad litem* for him.

General Code, 11252, reads:

"In an action against an infant, his defense must be by a guardian for the suit, who may be appointed by the court in which it is being prosecuted, or by a judge thereof or by a probate judge."

Under this section it is clear that though the mayor acquired jurisdiction over the defendant in the action by service of summons, there was no person who could have made a defense for him. *Roberts* v. *Roberts*, 61 O. S., 96:

"Appointment of a guardian *ad litem* can not be dispensed with."

In *Long* v. *Milford*, 17 O. S., 485, it is said, at page 503:

"The appointment of a guardian *ad litem* is not a mere matter of form. A suit against an infant can not be prosecuted without such guardian."

The proper thing for the mayor to have done is pointed out in General Code, 10234. That section provides that where an infant is the defendant in a case before a justice of the peace, a guardian to the suit must be appointed before the trial. That the provisions of this section are applicable to proceedings before a mayor, is shown by the reading of General Code 10491:

"So far as applicable, the provisions of this title shall govern the proceedings of mayors in the exercise of the jurisdiction concurrent with justices of the peace given to them."

Both Sections 10234 and 10491 are under the same title, to-wit, "Title 2, Procedure in Justice's Court."

Without determining whether it is necessary in making a direct attack upon a judgment, as is done in this case, the party making the attack must show that he had a valid defense, it is sufficient to say that the defendant in the case before the mayor, the plaintiff in this case having been an infant, and no allegation being made in the answer of either defendant that the judgment was obtained for necessaries furnished the defendant, it suf-

ficiently appears that he had a valid defense.

The result is that the judgment of the mayor and all orders made by him in the case are vacated, and he is ordered to pay to the plaintiff all the money received by him from the railway company under the garnishee order, together with interest from the time it was so received.